IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID C. LONG and DEBORAH C. LONG,

      Plaintiffs,                                    06cv0633

    v.                                          **ELECTRONICALLY FILED**

JUDGE ROBERT C. WOLFE,
JUDGE JOSEPH A. HUDOCK ,
JUDGE JOHN L. MUSMANNO, and
JUDGE PATRICK R. TAMILIA
      Defendants.

### Memorandum Opinion

      Plaintiffs David and Deborah Long, parties disappointed after five years of unsuccessful litigation on a petition to quiet title in the Pennsylvania state trial and appellate courts, have filed an appellate brief in this Court (replete with legal argument and citations of authority) repackaged as a 98 paragraph "civil rights complaint" under Title 42 United States Code section 1983.  Named as defendants are the judge of the Court of Common Pleas of Jefferson County who initially ruled against them, and the three judges of the Superior Court panel who twice affirmed decisions and judgments against them.  (Plaintiffs have not sued the Justices of the Supreme Court of Pennsylvania who denied their petition for allowance of appeal from the last adverse ruling in the Pennsylvania Superior Court on December 13, 2005.  Complaint, ¶ 10.)

      According to plaintiffs, jurisdiction is predicated on Title 28 United States Code Section 1331 and *Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Complaint, ¶ 2. A clearer case for dismissal under *Rooker-Feldman* is difficult to imagine.

      Although the Longs claim that they "do not come to this Federal District as disgruntled state court losers seeking a collateral review of a fully and fairly litigated state court proceeding that decided their case on the merits," and that their current cause of action is "an independent

claim," Complaint, ¶¶ 83-84, it is *painfully* obvious that is exactly what they are, i.e. "disgruntled state court losers seeking a collateral review of a fully and fairly litigated state court proceeding that decided their case against them." Equally obvious, and equally painful, the federal court complaint is not in any way an "independent action," but is, rather, a glorified appeal from adverse state court decisions rasing the same arguments and issues they made in those courts.

If there were any doubt, plaintiffs "Request for Relief" dispels them. In their Request for Relief, plaintiffs request this Court to declare the orders and opinions of the state courts "null and void," to enjoin the Court of Common Pleas of Jefferson County to permit them to amend their pleadings, which is the very issue litigated through the state courts up to the Supreme Court of Pennsylvania, and to order the Superior Court judges to recuse themselves from any further appeals.

This Court will do plaintiffs and counsel a favor and will dismiss their frivolous complaint *sua sponte* now, before defendants generate substantial legal fees in defending this case, which plaintiffs likely will be required to pay to defendants (who undoubtedly will be the prevailing parties after they file their *inevitable* motion to dismiss). Moreover, Rule 11 sanctions, Fed.R.Civ.P. 11, against plaintiffs as well as counsel for bringing a frivolous lawsuit and signing the complaint, would be a distinct possibility.

A federal court may dismiss a plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit, and/or no longer open to discussion. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Thus, the Court clearly has the inherent power to grant a dismissal based

on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*" ). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . . .").

Dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987), *quoting Oneida Indian Nation*, 414 U.S. at 666.

Here, this Court has no jurisdiction to grant the relief plaintiffs request, namely, federal court "appellate" review of the final state court determinations in their quiet title litigation, and the Court will therefore dismiss the complaint. As the United States Court of Appeals for the Third Circuit has explained:

> Under 28 U.S.C. § 1257, state court litigants who have appealed an adverse judgment through the state court system may seek review in the United States Supreme Court; the lower federal courts [however] may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township*, 146 F.3d 168, 170 (3d Cir. 1998) (*citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). "Under the *Rooker-Feldman* doctrine, lower federal courts

> cannot entertain constitutional claims that have been previously adjudicated in state court *or that are inextricably intertwined with a state adjudication*." *Id.* (*citing FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).
>
> In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling.  Accordingly, to determine whether *Rooker- Feldman* bars [a] federal suit requires determining exactly what the state court held . . . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit. *FOCUS*, 75 F.3d at 840.   The *Rooker-Feldman* doctrine has been interpreted to apply to the decisions of lower state courts. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod's Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998).

*Whiteford v. Reed*, 155 F.3d 671, 673-74 (3d Cir. 1998) (parallel citations omitted).  *See also Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003) (courts have a "continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction when it is in question.").

Plaintiffs attempt to take advantage of a change in the *Rooker-Feldman* landscape made last year in *Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005).  The United States Supreme Court noted in *Exxon-Mobile* that the *Rooker-Feldman* doctrine had been expanded by federal courts beyond its intended bounds, and reigned in the application of the doctrine as follows:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to

4

state-court actions.

*Exxon-Mobile*, 125 S.Ct. at 1521-22.

No matter what they call it or how they try to disguise their appellate brief/ complaint as a "civil rights" section 1983 "independent" cause of action, plaintiffs cannot hide the fact that their federal claim presents the quintessential *Rooker-Feldman* situation, namely "a case brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Because *Exxon-Mobile* did not purport to alter the rule as applied to such cases, *Rooker-Feldman* dictates the *sua sponte* dismissal of this obviously frivolous complaint.

Accordingly,

## Order of Court

**AND NOW, this 18th day of May, 2006, IT IS HEREBY ORDERED** that plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall mark this case closed.

 s/ Arthur J. Schwab
 Arthur J. Schwab
 United States District Judge

cc:   All counsel of record as listed below

John M. Ingros, Esquire
99 North Gilpin Street
P. O. Box 15
Punxsutawney, PA 15767
Counsel for Plaintiffs